

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**Jose A. NUNEZ Sandoval,**<br><br>Defendant. | Magistrate Case No. **'08 MJ 1136**<br><br><u>COMPLAINT FOR VIOLATION OF</u><br><br>Title 8, U.S.C., Section 1324(a)(2)(B)(iii)-<br>Bringing in Illegal Alien(s) Without Presentation |

The undersigned complainant being duly sworn states:

On or about **April 11, 2008**, within the Southern District of California, defendant **Jose A. NUNEZ Sandoval**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Enrique SORIANO Alvarado**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **14th** DAY OF **April**, 2008.

UNITED STATES MAGISTRATE JUDGE

I, Customs and Border Protection Officer Heather Ramos, declare under penalty of perjury, the following is true and correct;

The complainant states that Enrique SORIANO Alvarado is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material; that it is impracticable to secure his attendance at trial by subpoena; and that he is a material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On April 11, 2008, at approximately 2220 hours, **Jose A. NUNEZ Sandoval (Defendant)**, made application for admission into the United States at the San Ysidro, California Port of Entry as the driver and sole visible occupant of a silver in color 2007 Ford F-150. A Customs and Border Protection (CBP) Officer received a negative declaration from the Defendant. Defendant presented his valid Permanent Resident Alien Card (I-551) as an entry document. CBP Officer noticed the rear seat backrest was not at a normal angle and unlocked the vehicle in order to inspect the rear seat area. Upon inspection of the vehicle the CBP Officer noticed foreign material covering the area where the rear seat meets the floor, and felt what appeared to be the top of a human head. CBP Officer suspected something might be concealed behind the rear seat and elected to send the driver and vehicle into Secondary Inspection.

In Secondary Inspection Enforcement Officers were requested to respond to the Secondary Lot. An Enforcement Officer shone his flashlight into the rear seat area and noticed one (1) individual concealed behind the rear seat of the vehicle. The rear seat was secured to the end of the cab area. CBP Officers assisted and opened the concealment area and noticed the individual was strapped into the compartment area and was unable to get out on his own. CBP Enforcement Officers unfastened the strap and assisted the individual out of the compartment.

Further investigation revealed the one (1) Undocumented Alien to be a citizen and native of Mexico with no entitlements to enter the United States. The individual is now identified as Enrique SORIANO Alvarado.

During a videotape proceeding, Defendant was advised of his Miranda rights and elected to submit to questioning without benefit to counsel. Defendant admitted knowledge to smuggling the alien in the rear seat area of the vehicle. Defendant claimed ownership of the said vehicle and admitted he was going to receive a waiver of his fees for mechanical work done on his vehicle in Tijuana, Mexico over the past six (6) months in exchange for the smuggling act. Defendant also admitted he intended to enter the United States for the sole purpose to drop off the individual, and then he was to return to Tijuana, Mexico.

On separate videotape interviews Material Witness declared his is a citizen of Mexico who has no legal right to enter the United States. Material Witness stated he was en route to visit his sick mother who is in a hospital in Los Angeles, California.

Executed on April 12, 2008

_____
Heather Ramos / Enforcement Officer

On the basis of the facts in the probable Cause Statement consisting of one pages, I find probable cause to believe that the Defendant named in this statement committed the offense on April 11, 2008 in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

_____        4/12/08 at 11:10 AM
United States Magistrate Judge                Date and Time